WILLIAM D. THOMPSON, plaintiff in error agt. AUGUSTIN VALARINO, defendant in error.

Where one of two defendants, in a judgment, brought a writ of error thereon, and it appeared, before the issuing of the writ, that the other defendant

was requested by his co-defendant to join in the writ, which he declined to do; and a motion was made by defendant in error to quash the writ, and an order was entered on the decision of the motion, that the defendant who declined to join appear in this court at the next special term, and join in the writ of error and proceedings in the cause, or be forever precluded from bringing any writ of error on the judgment; and at the time appointed, the defendant in error produced proof of the due service of a copy of such order on the defendant, who refused to join, and on the attorneys for plaintiff in error; and the defendant not having joined in the writ, an order was thereupon entered, that the defendant's default be entered (which would preclude him from bringing any writ of error on the judgment), *and that the costs of the motion be paid by the plaintiff in error.* (2 R. S. 593, § 14.)

*September Term,* 1846.

MOTION by defendant in error that one Sidney Mason appear and join in the writ of error in this cause, and in the proceedings therein, and pay the costs of the motion and proceedings; and, in case of his non-appearance, that his default be entered, &c.

At the last June special term the defendant in error made a motion to quash the writ of error, &c., in this cause, for irregularity, on papers which showed that the writ of error in the cause was prosecuted out of this court by the plaintiff in error, who was one of the defendants in the court below, for the purpose of removing into this court the record and proceedings in a judgment recovered in the superior court of the city of New-York, by the defendant in error, against the plaintiff in error and Sidney Mason as co-partners, in an action of assumpsit for $4069.26 damages and costs, on the 25th day of October, 1845. The writ of error was tested on the third Monday of October, 1845, and returnable on the first Monday of January, 1846. The suit in the superior court was brought against Sidney D. Mason and William D. Thompson as co-partners. The *capias* was served on Thompson only and not on Mason, as it was alleged that Mason, at the time of the issuing and return of the *capias*, and for a long [*260] time subsequent, was beyond *seas and out of the jurisdiction of the court. Thompson appeared and defended the suit, and judgment was entered up against both defendants. The writ of error was sued out in the name of

Thompson alone impleaded with Mason as plaintiff in error. It was alleged, that at the time the writ was issued, Mason was in full life, within the state, and not incapable, from insanity or otherwise, of joining in the writ; and that Mason had never been made a party to the writ of error. The bond given on the allowance of the writ of error was executed by Thompson as principal with Mason, his co-defendant in the court below, and another person, as sureties; and the usual order granted staying proceedings on execution, &c. Defendant in error served notice of exceptions to the sufficiency of the sureties in the bond, without waiving any other objection which he was entitled to take against the bond or either of the sureties, and also claimed and insisted that Sidney Mason was not competent bail in error, to stay the issuing of execution, or to authorize the allowance of the writ of error. The sureties subsequently justified by affidavit, which was filed. The writ of error was returned and filed on the 11th of April last. On the 6th of May the plaintiff in error filed and served his assignment of errors; the only error assigned being error in fact, namely, that at the time of the commencement of the suit upon which the judgment was rendered, he was and ever since had continued to be and then was consul of the Republic of Ecuador, for the port of New-York, and not liable to be sued in the state courts. That no leave was ever applied for or obtained from this court, by or on behalf of the plaintiff in error, to the issuing of the writ of error or to the assignment of such error in fact; that the contract on which the judgment was rendered was made by the plaintiff in error jointly with Sidney Mason, as partner of the commercial firm of Mason & Thompson, as appeared by the return to the writ of error; and that Sidney Mason was not, at the time of the commencement of this suit in the court below, nor had he been at any time since, a consul or vice consul, or liable to be sued by the defendant in error in any district court of the United States.

On the part of the plaintiff in error, it appeared that, before the issuing of the writ of error, his attorneys made applica-

tion, in writing and verbally, to Mason, to join in the writ of error in this cause, which he declined to do, stating that he considered the whole of the business with Valarino an affair of Mr. Thompson's, and he desired to have nothing to do with it; but, if Thompson desired it, he would become one of his sureties on bringing the writ. Thompson's affida-
[*261]  vit stated that Mason left New-York *upon a journey to Virginia, one day before the *capias* was served in the cause in the court below, and denied that he was beyond seas at the time of the commencement of the suit, or had been at any time since; that he returned about two weeks after he left for Virginia.

Upon these facts, Mr. Justice JEWETT, at the June special term, made an order as follows: " Ordered, that Sidney Mason appear in this court on the first day of the next special term thereof, and then join in the writ of error and the proceedings of this cause, or be forever precluded from bringing another writ of error on the judgment in said cause; and in the mean time all further proceedings on such writ to be stayed."

The attorney for defendant in error served on Sidney Mason, and on the attorneys for plaintiff in error, a copy of the order and notice of this motion on the 20th of July last, and gave notice that the papers upon which the order was founded, as well as the order itself, would be used on this motion.

A. TABER, *defendant's counsel.*
FRANCIS GRIFFIN, *defendant's attorney.*
G. R. J. BOWDOIN, *plaintiff's counsel.*
EMERSON & PRICHARD, *plaintiff's attorneys.*

BRONSON, Chief Justice. Mason having neglected to appear and join in the writ of error, his default must be entered, which will preclude him from bringing any writ of error on the judgment. The only remaining question, which can at this time be considered, is, that of the costs of the motion, which should, I think, be paid by the plaintiff in error. (2 *R. S.* 593, § 14.)

(*Order.*) Sidney Mason having neglected to appear and join in the writ of error in this cause, pursuant to a rule of this court, with which he has been duly served, *Ordered,* that his default be entered, and that he be forever precluded from bringing any writ of error on the judgment in this cause. And it is farther *ordered* that the plaintiff in error pay to the defendant in error ten dollars costs of the motion to quash the writ of error ; and, in default of such payment, that the writ of error be quashed.